UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY DENISE RIDDLE,
   Plaintiff,

v.               Case No.: 8:08-CV-00086-EAK-MSS

STATE OF FLORIDA;
DEPARTMENT OF CORRECTIONS;
FNU KAUFFMAN;
FNU NETTNIN;
DR. OBI; and
DR. REGINALD SIMMONS,
   Defendants.
_____/

### DEFENDANTS, STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS, FNU KAUFFMAN, FNU NETTNIN AND DR. REGINALD SIMMONS' MOTION TO DISMISS

  COME NOW Defendants State of Florida, Department of Corrections, FNU Kauffman, FNU Nettnin and Dr. Reginald Simmons (hereinafter "State"; "DOC" ; "Kauffman"; "Nettnin" and "Dr. Simmon" or collectively "Defendants"), by and through undersigned counsel, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby move this Honorable Court to enter an order dismissing Plaintiff's "Civil Rights Complaint Under the Civil Rights Act, 42 U.S.C. §1983."   In support thereof, Defendants, state:

1.  The Plaintiff has failed to properly exhaust administrative remedies.

2.  The Plaintiff has failed to state a cause of action upon which relief could be granted.

3.  Defendants are entitled to immunity.

  Defendants, file this Memorandum of Law in support of their motion to dismiss the above-styled cause of action.

.

MEMORANDUM OF LAW

FACTS

      To the extent they are discernible, the facts are taken as alleged in the Complaint for purposes of this motion only.

      Plaintiff has instituted this action for alleged violations of her constitutional rights under 42 U.S.C. §1983 while incarcerated at the Hillsborough Correctional Facility (hereinafter "Hillsborough C. F."). As of the filing of this motion, Plaintiff is now incarcerated at Gadsen Correctional Facility. As best as Defendants can determine from the documents submitted therewith, the Complaint alleges that on April 14, 2007, correctional officers, Defendant Nettnin and Defendant Kauffman escorted plaintiff to an out-of-facility medical appointment with Defendant Dr. Obi. (Dkt#1, p.7,¶1) Plaintiff's medical appointment was a follow up appointment from surgery on her left middle finger. Plaintiff alleges that the Defendant Dr. Obi instructed plaintiff to do some therapeutic exercises for her finger. After Defendant Dr. Obi had seen plaintiff for her medical appointment, Plaintiff waited in the waiting room with Defendant Kauffman and Defendant Nettnin while other inmates completed their respective medical appointments. (Dkt#1, p.7,¶1) During this period plaintiff states that she began the exercises the doctor had shown her and that her finger "locked up". Plaintiff claims that she asked Defendant Nettnin to request that she see the doctor again but that Defendant Nettin told her "I'm not going to bother the doctor, he has other inmates to see". (Dkt#1, p.7,¶1). Plaintiff further alleges that she attempted to explain her situation to Defendant Kauffman and that Defendant Kauffman "walked away" (Dkt#1, p.7a[1],¶2)

---

[1] Plaintiff's complaint contains two unnumbered pages between pages 7 and 8. These are referred to as page 7a and 7b respectively.

The only allegation as to Defendant, Dr. Simmons a physician at Hillsborough Correctional Facility is that plaintiff saw Dr. Simmons later on April 14, 2007 and that he in turn scheduled an appointment for her to see Dr. Obi.

CLAIM

Plaintiff seeks monetary relief in the form of unspecified damages for pain and suffering and punitive damages for wanton and willful neglect (Dkt. #1, p. 8)

DISCUSSION

I. Standard

"It is well settled that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [her] to relief." *Banco Latino v. Gomez Lopez*, 17 F.Supp.2d 1327, 1331 (S.D. Fla. 1998), citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Generally on a motion to dismiss, the Court must accept as true the complaint's well-pleaded facts. *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Com'n.*, 226 F.3d 1226, 1234 (11th Cir. 2000) ("We accept as true the complaint's well pleaded facts, even if disputed.") However, conclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. *Municipal Utilities Bd. of Albertville v. Alabama Power Co.*, 934 F.2d 1493, 1501 (11th Cir. 1991).

Although this Court must take all the factual allegations in the Complaint as true, this Court is not bound to accept as true a legal conclusion couched as a factual allegation. *See, e.g., Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992); nor is the court permitted to read into the Complaint facts that are not there. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

II.    Analysis

    a.    Plaintiff has failed to show proper exhaustion of administrative remedies

Pursuant to the Prison Litigation Reform Act (PLRA) of 1995, Plaintiff has failed to demonstrate that she has exhausted her administrative remedies. It is clear that Plaintiff pursued administrative remedies, the results of which were unsatisfactory to her. However, it is not clear from the Complaint's exhibits whether the Plaintiff provided adequate, timely information in the grievances to conclude that her efforts were in fact exhaustive. Specifically, Grievance Log Number 0706-529-006 was not timely filed. (Dkt#1, Exhibit 2). Based upon the grievances attached to the complaint, Plaintiff has failed to show the proper exhaustion of remedies. By failing to show the exhaustion of administrative remedies, sovereign immunity has not been waived and the Complaint should be dismissed.

    b.    Failure To State a Cause of Action

Plaintiff brought this action under 42 U.S.C. 1983. "In order to prevail on a civil rights action under §1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Moreover, "bare allegations of malice should not suffice to subject public officials to broad-reaching discovery." *Wyatt v. Cole*, 504 U.S. 158, 165-66, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992).

From what can be discerned from the Complaint, Plaintiff's claim seems to be that Defendants violated some constitutionally protected right by not getting her in to see Dr. Obi immediately upon her request.

Plaintiff attempts to state a §1983 claim against Defendant State and Defendant DOC and

attempts to seek monetary damages against Defendant, State and Defendant DOC for an alleged violation of her Constitutional Rights. The Complaint should be dismissed against State and DOC because the "State" is not a "person" under 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976). To succeed on a claim of deliberate indifference to a serious medical need, "a plaintiff must set forth evidence of an objectively serious medical need" and "prove that the prison official acted with an attitude of 'deliberate indifference' to a serious medical need." *Farrow v. West*, 320 F.3d 1235,1243 (11th Cir. 2003)(internal citations omitted). "[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citations and internal quotations omitted).

In the instant case, Plaintiff has failed to allege evidence of an objectively serious medical need or proof that any prison official acted with an attitude of "deliberate indifference". Plaintiff's complaint indicates that she saw Defendant, Dr. Simmons later on April 14, 2007 (Dkt#1, p.7a,¶ 3) and Dr. Simmons' response was to schedule an appointment with Defendant, Dr. Obi at a later date. (Dkt#1, p.7,¶3).  Plaintiff's allegations indicate that another medical professional, Dr. Simmons, did not think immediate attention was necessary.  Upon seeing Dr Obi at a later date, Dr. Obi's subsequent medical responses were a steroidal injection and an application of an ointment to the finger. (Dkt#1, p.7a,¶4)

Plaintiff's allegations fail to rise to the definition of an objectively serious medical

condition. Plaintiff further fails to allege deliberate indifference on the part of any of these defendants. Thus, the Complaint lacks the requisite specificity for a §1983 claim and must be dismissed.

    c. <u>Immunities bar Plaintiff's claim</u>

        1) <u>Eleventh Amendment immunity</u>

To the extent that Plaintiff has brought suit against Defendants employed by the Department of Corrections, in their official capacity[2], this case must be dismissed. State public officials sued in their official capacities are entitled to Eleventh Amendment immunity. *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989). Further, the Eleventh Amendment operates as a bar to lawsuits against state officials in their official capacity seeking injunctive and other equitable relief, as well as, money damages brought in federal courts. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1124, 134 L.Ed.2d 252 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); and *Miccosukee Tribe of Indians of Florida v. U.S.*, 980 F.Supp. 448, 459 (S.D. Fla. 1997). Eleventh Amendment immunity confers immunity from suit, not just from liability.

Absent its consent, a state may not be sued in federal court unless Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity by exercising its power with respect to rights protected by the Fourteenth Amendment. *DeKalb County School District v. Schrenko*, 109 F.3d 68, 688 (11th Cir. 1997), <u>citing</u> *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). "[A] suit against a state

---

[2] Although the caption of Plaintiff's Complaint does not indicate that Defendants are sued in their individual capacity, the body of the Complaint seems to be directed at Defendants' official capacity (Dkt. #1, p. 2-2a). Out of an abundance of caution, Defendant directs this Court's attention to this dichotomy presented within the Complaint.

official in his or her official capacity is not a suit against the official but rather is a suit against the officials office." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). "As such, it is not different from a suit against the State itself." *Id*.

In the instant case, Plaintiff cannot demonstrate any waiver by Congress or the State of Florida of its Eleventh Amendment immunity, to the extent that the Defendant is sued pursuant to 42 U.S.C. §1983. *Gamble v. Florida Department of Health and Rehabilitative Services*, 779 F.2d 1509 (11th Cir. 1986); and *Hill v. Department of Corrections*, 513 So.2d 129 (Fla. 1987). Accordingly, official capacity claims, and any claim against Defendant brought pursuant to §1983 is barred by Eleventh Amendment immunity and must be dismissed with prejudice.

    2) <u>Qualified immunity</u>:

Further, Section 768.28(9)(a), Florida Statutes, provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Here, Plaintiff has filed a civil rights complaint, but he did it couched in nebulous terms of tort law. As Plaintiff has not alleged bad faith or malice on the part of the Defendants, these allegations fail as a matter of law and cannot invade the individual qualified immunity available to these individual Defendants.

To the extent that Eleventh Amendment immunity may somehow be lost, dismissal is

also proper based on qualified immunity.  Qualified immunity[3] shields governmental officials performing discretionary functions from civil trial (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991) ("we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage of litigation") (citations omitted).  The qualified immunity doctrine does not require government agents to err on the side of caution.  *Davis v. Scherer*, 468 U.S. 183, 196 (1984).

Qualified immunity protects government actors; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities. *Harlow*, 457 U.S. at 818 ("officials generally are shielded from liability for civil damages"); *Barts v. Joyner*, 865 F.2d 1187, 1190 (11th Cir.), cert. denied, 493 U.S. 831 (1989); *Dartland v. Metropolitan Dade County*, 866 F.2d 1321, 1323-24 (11th Cir. 1989).  Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the governmental actor has immunity from suit.  *Malley v. Briggs*, 475 U.S. 335, 341-43 (1986). The doctrine "balances society's interests in providing a remedy for injured victims and discouraging unlawful conduct with that of enabling public officials to act independently and without fear of consequences."  *Hardin v. Hayes,* 957 F.2d 845, 848 n.7 (11th Cir. 1992).

In *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983), the Eleventh Circuit Court of

---

[3] Further in-depth discussion of this Circuit's interpretation and application of qualified immunity may be found in *McCoy v. Webster*, 47 F.3d 404, 406 (11th Cir. 1995); *Lassiter v. Alabama A & M University*, 28 F.3d 1146 (11th Cir. 1994); *Sammons v. Taylor*, 967 F.2d 1533, 1539 (11th Cir. 1992); and *Stough v. Gallagher*, 967 F.2d 1523 (11th Cir. 1992).

Appeals established a two step analysis to be used in applying the *Harlow* qualified immunity test. First, "the Defendant must prove that 'he was within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" "[T]hen, the burden shifts to the Plaintiffs to show lack of good faith on the Defendant's part. This burden is met by proof demonstrating that the defendant public official's actions 'violated clearly established constitutional law.'" Id.; see *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995). Mere assertions that the Defendants violated clearly established constitutional laws will not suffice. "[Q]ualified immunity protects government officials performing discretionary functions from the burdens of civil trials and from liability." *Flores v. Satz*, 137 F.3d 1275, 1277 (11th Cir. 1998) *citing McMillian v. Johnson*, 88 F.3d 1554, 1562; *amended on other grounds*, 101 F.3d 1363 (11th Cir. 1996). "Once the qualified immunity defense is raised, plaintiffs bear the burden of showing that the federal rights allegedly violated were clearly established." *Id*. *citing Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996) [citations omitted]. "This burden is not easily discharged: 'That qualified immunity protects government actors is the rule; only in exceptional cases will government actors have no shield against claims against them in their individual capacities.'" *Id*. "Plaintiffs cannot carry their burden of proving the law to be clearly established by stating constitutional rights in general terms." *Id*. "Instead, for qualified immunity to be denied, 'pre-existing law must dictate, that is, truly compel . . . the conclusion for every like-situated, reasonable government agent that what a defendant is doing violates federal law in the circumstances.'" *Id*. <u>citing</u> *McMillian*, 88 F.3d at 1562 [citations omitted].

      In *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994), the Eleventh Circuit Court of Appeals interpreted the term "discretionary authority" to include actions that do not necessarily

involve an element of choice. In order to show that he acted within the scope of discretionary authority, a defendant "must demonstrate objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Barker v. Norman*, 651 F.2d 1107, 1121 (5th Cir. 1981); accord *Jordan*, 38 F.3d at 1566; *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988).

In the instant case, undersigned counsel need only point to the Complaint itself to prove that Defendants were within the scope of their employment. Plaintiff acknowledges that Defendants, Nettnin, Kauffman, and Dr. Simmons were employed by Hillsborough Correctional Facility. (Dkt#1, p.2). Plaintiff does not allege that any actions by the Defendants were beyond their role as employees. All actions/omissions obviously stem from actions within the scope of their authority. Therefore, Defendants have met their burden under the *Zeigler* test.

Once Defendants have established that they were acting within the scope of their discretionary authority, the burden shifts to the Plaintiff to demonstrate that a reasonable official would have known that his conduct violated a clearly established constitutional right. *Zeigler,* 716 F.2d at 849. For the law to be clearly established to the point that qualified immunity does not apply, the law must have been developed in such a concrete and factually defined context to make it obvious to all governmental actors in Defendants' place that their actions violate federal law. *Lassiter v. Alabama A & M University*, 28 F.3d 1146, 1149 (11th Cir. 1994); *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993) (emphasis added) modified 14 F.3d 583 (11th Cir. 1994); accord *Kelly v. Curtis*, 21 F.3d 1544, 1544 (11th Cir. 1994). Plaintiffs may not rely on "general,

conclusory allegations of some constitutional violation, [n]or [may they rely on] broad legal truisms." *Barts*, 865 F.2d at 1190. No case law exists requiring corrections personnel to immediately respond to an inmate request.

Plaintiff has failed to demonstrate that Defendants violated Plaintiff's clearly established constitutional rights. Again, the Complaint fails and must be dismissed with prejudice.

CONCLUSION

For all of the foregoing reasons, Defendants State of Florida, Department of Corrections, FNU Kauffman, FNU Nettnin and Dr. Reginald Simmons, respectfully request that this Honorable Court grant this motion by dismissing Plaintiff's Complaint with prejudice and granting such other relief as the Court deems appropriate.

Respectfully submitted,

Respectfully submitted,
BILL MCCULLOM
ATTORNEY GENERAL

s/ Helen Brewer Fouse
Helen Brewer Fouse
Assistant Attorney General
Florida Bar 0047139
Office of the Attorney General
501 East Kennedy Boulevard, Ste. 1100
Tampa, Florida 33602
(813) 233-2880

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: Helen Brewer Fouse. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:  Betty Denise (DC# 734107), Gadsden Correctional FacilityInstitution,6044 Greensboro Highway, Quincy, FL  32351.